IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-1994-REB-CBS

EMPLOYERS MUTUAL CASUALTY COMPANY,
an Iowa corporation,

    Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,
an Ohio corporation,

    Defendant,

## STIPULATED PROTECTIVE ORDER

    WHEREAS, the parties are insurance companies, each of which issued a policy of insurance to Front Range Barricade (the "Insured");

    WHEREAS, the Insured is a defendant in an underlying case captioned *Arena v. Front Range Barricade*, Case No. 05 CV 1118, pending in Colorado state court (the "Underlying Action");

    WHEREAS, a disagreement has arisen between Employers Mutual Casualty Company ("EMC") and Scottsdale Insurance Company ("Scottsdale") as to whether Scottsdale is obligated to provide excess coverage to the Insured in connection with the Underlying Action;

    WHEREAS, material protected by the attorney-client privilege and attorney work product doctrine, as well as confidential and proprietary material, is at issue in this action. Such material includes, without limitation, memoranda and notes containing the

1

analyses, proposed actions and thought process of counsel for the Insured in the Underlying Action, as well as claims-handling materials for EMC;

WHEREAS, Scottsdale intends to question witnesses regarding the actions and thought processes of counsel for the Insured and of current and former employees of EMC in connection with the Underlying Action, which necessarily embraces information that is protected by the attorney-client privilege and/or the attorney work product doctrine, or is otherwise confidential and/or proprietary;

WHEREAS, the parties agree that all information at issue in this case that is protected by the attorney-client privilege and/or attorney work product doctrine ("Privileged Information") or that is otherwise confidential and/or proprietary ("Confidential Information") should be deemed "Protected Information" for purposes of this Stipulated Protective Order ("Order");

WHEREAS, EMC has produced to Scottsdale its claims file concerning the Underlying Action, which includes Privileged Information and/or Confidential Information;

WHEREAS, Protected Information may continue to be generated in litigation of the Underlying Action;

WHEREAS, the parties agree that disclosure of Protected Information could be detrimental to the interests of the Insured in the Underlying Action, and to their own interests;

NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

1. <u>Recitals Incorporated</u>.  The foregoing recitals are expressly incorporated and made a part of this Order.  This Order shall govern the production, handling and use of documents, materials and other information that are disclosed and designated as Protected Information.

2. <u>Designation of Protected Information</u>. The designation of Protected Information shall be handled as follows:

a.  To the extent that EMC's claims file in connection with the Underlying Action has already been made available to Scottsdale prior to litigation, Scottsdale is aware that the file is protected by the attorney-client privilege and/or attorney work product doctrine or is otherwise confidential and/or proprietary, and has and will continue to honor the protections and confidentiality that apply to the information contained in the file;

b.  To the extent that Protected Information is made available to either party after the date of this Stipulation, the party making the Protected Information available shall designate the material as protected by the terms of this Order by placing on the material, in a manner that will not interfere with its legibility, either the word "PRIVILEGED," if the material is protected by the attorney-client privilege and/or attorney work product doctrine, or the word "CONFIDENTIAL" if the material is not protected by the attorney-client privilege and/or attorney work product doctrine but is nonetheless confidential and/or proprietary.

c.  To the extent that Protected Information is requested or disclosed during depositions, a party, or non-party responding to discovery, may designate in writing, within thirty (30) days after receipt of the deposition transcript for which the

3

designation is proposed, that specific pages of the transcript and/or specific responses be treated as Protected Information, as either "PRIVILEGED" or "CONFIDENTIAL" information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 4 below.

    d. All copies (by any means including electronic, magnetic, photostatic, computerized, digital, and/or otherwise), compilations, summaries, abstracts, excerpts or descriptions of Protected Information shall be subject to the terms of this Order to the same extent as the material from which they were made.

  3. <u>Use/Disclosure of Protected Information</u>.

    a. This Order shall be applicable to all Protected Information that has been and will be disclosed by the parties in this case. All Protected Information is provided solely for purposes of the litigation and/or settlement of this case and may not be used or disclosed to any person or entity for any other purpose unless legally compelled, subject to the further provisions of this Order.

    b. The recipient of any Protected Information provided pursuant to this Order shall exercise reasonable care with respect to the storage, custody and use of all Protected Information.

    c. Protected Information shall not be disclosed or disseminated to any person or to any corporation, partnership, firm, agency, association, company, or any other entity whatsoever, except:

      (i)    counsel of record for the respective parties to this case, and counsel retained by the parties to address insurance coverage questions in connection with the Underlying Action ("coverage

counsel");

(ii) as many as, but no more than, five designated employees (or former employees) of a party, and in-house counsel for the respective parties to this litigation, but only to the extent reasonably deemed necessary by counsel of record and coverage counsel for the pursuit or defense of claims in this case, and only provided that each such person shall execute a copy of the declaration attached to this Order as Exhibit A (which shall be retained by counsel of record to the party so disclosing the Protected Information and made available for inspection by opposing counsel during the pendency or after the termination of the case only upon good cause shown and upon order of the Court) before being shown or given any Protected Information;

(iii) employees or temporary employees of counsel of record and of coverage counsel;

(iv) consultants or expert witnesses retained for the prosecution or defense of this case, provided that each such person shall execute a copy of the declaration attached to this Order as Exhibit A (which shall be retained by counsel of record to the party so disclosing the Protected Information and made available for inspection by opposing counsel during the pendency or after the termination of the case only upon good cause shown and upon order of the Court) before being shown or given any Protected Information;

(v) any authors or original recipients of the Protected Information;

(vi) the Court, Court personnel, and court reporters;

(vii) mediators and settlement judges; and

(vii) witnesses. A witness (other than persons described in Paragraph 3(c)(v) of this Order) shall be provided with a copy of this Order prior to the witness's testimony and shall be bound by its terms. At the request of any party, the portion of any deposition transcript involving the Protected Information shall be designated either "PRIVILEGED" or "CONFIDENTIAL" pursuant to paragraph 2, above. Witnesses shown Protected Information shall not be allowed to retain copies of any document not previously sent to or received by the witness in the ordinary course of business, unless otherwise agreed or ordered by the Court.

d. Nothing in this Order shall be deemed to restrict the use by any party of its own documents and/or information.

4. <u>Challenges to Designation</u>. In the event a party objects to another party's or non-party's designation of information as "PRIVILEGED" or "CONFIDENTIAL" it shall specify in writing to the other party or parties those documents or materials it contends should not be designated as "PRIVILEGED" or "CONFIDENTIAL" ("Disputed Documents"), and the reason(s) for the contention. The parties shall confer, either in person or telephonically, within five (5) business days of when a written specification of Disputed Documents is received under this paragraph. If an agreement cannot be reached after the parties have conferred in a good faith effort to resolve any dispute, the party contesting the designation of the information may file a motion with the court in accordance with the local rules of the Court and the procedure for discovery disputes outlined by Magistrate Judge Shaffer at the scheduling conference held in this case on December 19, 2007. Until the objection is resolved, whether by agreement of the parties or by Court order, the objecting party shall maintain and use the information in dispute in conformity with Paragraph 3 of this Order.

5. <u>Requests for Disclosure</u>. In the event that any party receives a motion, subpoena, or other form of request to disclose or produce any Protected Information, that party shall within a reasonable amount of time notify in writing the party which produced or disclosed the Protected Information or its attorneys of record in this case.

6. <u>Filing of Protected Information</u>. All portions of the transcript of any deposition or hearing, as well as any exhibits identified therein, and all briefs,

memoranda, motions, answers to interrogatories, responses to other discovery, or other information filed with the Court that quote from, attach as an exhibit, or otherwise recite or explain Protected Information shall be subject to the terms and conditions of this Order.  If a party intends to make a Court filing containing or summarizing Protected Information, that party shall file a motion consistent with the Court's local rules seeking an order requiring all or a portion of the intended filing to be sealed.

7. <u>Inadvertent Failure to Designate</u>.  Inadvertent failure to designate documents and/or information as "Privileged" or "CONFIDENTIAL" pursuant to this Order shall not constitute a waiver of any otherwise valid claim of protection for the documents and/or information.  If a party inadvertently fails to designate documents and/or information as "Privileged" or "CONFIDENTIAL," the disclosing party shall promptly inform the other parties' counsel of record in writing, and the material shall thereafter be treated as Protected Information under this Order.

8. <u>Conformity to Discovery Rules</u>.  Nothing in this Order shall create a presumption or imply that a party is entitled to the production of documents and/or information by virtue of this Order's existence.

9. <u>Consent</u>.  Nothing in this Order shall prevent disclosure beyond its terms if the party designating documents and/or information as "PRIVILEGED" or "CONFIDENTIAL" consents in writing or if the Court, after notice to the parties, orders such disclosure.

10. <u>Conclusion of Proceedings</u>.  After the conclusion of this case, whether by judgment, settlement or otherwise, including any and all appeals, all Protected Information furnished pursuant to the terms of this Order, and all copies thereof, except

for those in the custody of the Court, shall, at the written request of the producing or disclosing party, be returned to the producing or disclosing party or destroyed by burning or shredding (and certified as having been destroyed) by the party in possession thereof, provided that the party in possession thereof has forty-five (45) days after receiving the written request of the producing or disclosing party within which to return or destroy the Protected Information,.

11. <u>Further Orders of Court</u>.  The use of information designated as Protected Information pursuant to this Order as evidence at any hearing in this case shall be subject to future order of the Court.  Nothing in this Order shall be deemed to preclude a party or non-party from seeking additional protection with respect to the confidentiality of documents, testimony, court papers or other matters.  This Order may be amended by agreement of counsel of record for the parties and approval of the Court.  Any party may, on motion and for good cause shown, apply at any time to the Court for a modification of this Order, in accordance with the local rules of the Court and the procedure for discovery disputes outlined by Magistrate Judge Shaffer at the scheduling conference held in this case on December 19, 2007.

12. <u>Violations of Order</u>.  The Court may impose such relief as it deems appropriate for violation of this Order, including, without limitation, injunctive relief, damages and sanctions.

13. <u>Jurisdiction</u>.  This Order shall survive the final termination of this case and shall remain in effect until further order of the Court.  The Court shall retain jurisdiction over the parties, other persons receiving Protected Information pursuant to Paragraph 3, and this Order for the sole purpose of enforcement of its provisions.

DATED at Denver, Colorado, this 8th day of January, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

AGREED TO IN FORM AND SUBSTANCE:

SUMMERS & SHIVES, A.P.C.

*s/*
Robert V. Closson, Esq.
SUMMERS & SHIVES, A.P.C.
8755 Aero Drive, Suite 230
San Diego, CA 92123-1750
(858) 874-1800

Ann H. Cisneros, #32547 (Colorado)
600 Seventeenth Street, Suite 1800 South
Denver, Colorado 80202-5441
Telephone: (303) 573-5900

Attorneys for Plaintiff EMPLOYERS MUTUAL CASUALTY COMPANY

SENTER GOLDFARB & RICE, L.L.C.

*s/*
Arthur J. Kutzer, Esq., #18878 (Colorado)
Joel A. Palmer, Esq., #36459 (Colorado)
1700 Broadway, Suite 1700
Denver, CO 80290
(303) 320-0509
Attorneys for Defendant SCOTTSDALE INSURANCE COMPANY

# "EXHIBIT A"

I, _____, say and declare:

1. I desire or have been asked to view documents that have been designated as Protected Information in this the case captioned *Employers Mutual Insurance Company v. Scottsdale Insurance Company*, Case No. 07-CV-1994 (the "Action"), and are therefore subject to a Stipulated Protective Order dated _____.

2. I have read and understood the Stipulated Protective Order. I agree to follow the provisions of the Stipulated Protective Order in all respects and further agree to be subject to the jurisdiction of the United States District Court for the District of Colorado in connection with any proceeding against me pertaining to the enforcement of the Stipulated Protective Order.

3. I agree that I will use any and all Protected Information disclosed to me only for purposes of the litigation or settlement of the Action and will not use or disclose it for any other purpose, and not later than 30 days following the final conclusion of this case, I will return any Protected Information to the attorney who furnished it to me.

I declare under penalty of perjury under the laws of the State of Colorado that the foregoing is true and correct.

Dated: _____, 2008.

_____
Signature

_____
Print Name